# Archambault's Estate (No. 2).

*Wills—Trusts and trustees—Life tenant and remainder-men—Rent—Apportionment—Landlord and tenant.*

1. Where a testator devises certain real estate to his executors in trust to rent and manage with power to sell and invest and to pay over the net income to his widow for life and after her death to make certain payments out of the income from the property or from the proceeds of its sale, and at the time of testator's decease the property is leased for a term ending January 1, 1913, at a rental of $1,041.67 per month, and thereafter a third party, in pursuance of an agreement with the original lessees, enters into a new lease with the trustees for the term of ten years, the rental to be paid: $10,000 in cash at the signing of the lease, $1,041.67 to be paid monthly until January, 1913, and thereafter $1,750 per month during the remainder of the lease, the $10,000 is properly payable to the widow as rental accrued in her lifetime.

2. In Pennsylvania rent is not apportionable in respect of time.

Argued March 20, 1911.   Appeal, No. 364, Jan. T., 1910, by Madeleine A. Hart, from decree of O. C. Phila. Co., Jan. T., 1907, No. 272, dismissing exceptions to adjudication in Estate of Victor E. Archambault, Jr., deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART. Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*Theodore F. Jenkins,* for appellant.—It is respectfully submitted that the $10,000 was paid for the privileges which the lessee obtained, that the increased rent to be paid during the last six years was because of a supposed increased rental value of the property during that time: Askew v. Woodhead, L. R. 14 Ch. Div. 27; Walsh's Trusts, 7 L. R. Ir. 554; In re Rodes, L. R. 1 Ch. Div. (1909) 815;

Davies v. Harrison, L. R. 2 Ch. Div. (1907) 296; Fullerton's Will, L. R. 2 Ch. Div. (1906) 138.

*A. I. Phillips*, with him *J. Kirk McCurdy*, for appellees, cited: Earp's Will, 1 Parson's Select Equity Cases, 453.

Opinion by Mr. Justice Potter, July 6, 1911:

Victor E. Archambault, Jr., died January 10, 1906, seized in fee of the premises at the northeast corner of Eleventh and Market streets, Philadelphia, and leaving a will dated February 9, 1904, which was duly admitted to probate and letters testamentary thereunder granted. He devised the property above mentioned to his executors in trust to rent and manage the same, with power to sell and invest the proceeds and to pay over the net income to his wife during the term of her natural life, and after her death to make certain payments out of the income derived from the property or from the proceeds of its sale; a portion of such income to be paid to testator's niece, Madeleine A. Hart, during her life. At the time of testator's death the premises in question were leased for a term ending January 1, 1913, at a rental of $12,500 per annum, payable in monthly installments of $1,041.67 each. The United Gas Improvement Company having arranged with the former lessees, entered into a new lease with the trustees for the term of ten years from January 1, 1909, the rent to be as follows: $10,000 in cash at the signing of the lease; $1,041.67 to be paid monthly until January, 1913, and thereafter $1,750 per month during the remainder of the term. The lessees paid the $10,000, entered into possession, and also paid the subsequently accruing installments of rent each month.

On November 10, 1909, the trustees filed an account, wherein they charged themselves with the $10,000 paid by the lessees on the execution of the lease. At the audit, the widow claimed the whole $10,000, as rent accrued in her lifetime, but the niece, Madeleine A. Hart, contended that this sum should be ratably distributed over the whole

term for the benefit of those entitled to it during the term. The auditing judge held that the amount was to be treated as rent of the year in which it was paid, and awarded it all to the widow. Upon exceptions, the court in banc modified the decree to the extent of distributing the $10,000 in equal monthly payments during the term of four years from January 1, 1909. This was done upon the theory that it would make the rent reserved conform in its monthly collections to the reasonable economic value of the property during that part of that term.

The appellant here complains that the court below erred in not directing that the $10,000 should be apportioned in equal monthly payments to those entitled to the beneficial interest during the ten years from January 1, 1909, the certain term of the lease. In the opinion of the auditing judge, as in that of the court in banc, the rule of the common law was recognized that rent is not to be apportioned in respect to time. It is not to be regarded as accruing from day to day, as interest does. This rule has been altered in England by the apportionment act of 1870, 33 and 34 Victoria, chap. 35, so that rents, annuities, etc., are now there considered as accruing, like interest, from day to day, and are made apportionable in respect to time. See 1 Woodfall on Landlord and Tenant (1st Am. ed. 1890) *405-6. But we know of no such legislation in Pennsylvania. In Agnew's Estate, 17 Pa. Superior Ct. 201, it was held that where rent was paid to a life tenant in advance, and the life tenant died before the expiration of the term for which the rent had been paid, the remainderman could not recover any portion of the amount so paid in advance from the estate of the life tenant, although both had joined in the lease. Referring to the Act of February 24, 1834, sec. 7, P. L. 70, Judge BEAVER further said (p. 203): "But this section relates to rents accruing, not to those which have accrued; and, if it has any application to this case, would by inference at least indicate that rents which had accrued would be properly included in the estate of a deceased life tenant."

In the case at bar, the widow is entitled under the will of her husband to the entire net income accruing from the premises at Eleventh and Market streets, during her lifetime. As to when or how the income should be paid to her by the trustees, the will is silent. But the net income belonged to her, whenever it was realized. It matters not whether the sum of $10,000 in question be regarded technically as rent, as it was called in the lease, or as a bonus; it was certainly income derived from the premises which were made the subject of a trust for her benefit during her lifetime. Being received by the trustees during the lifetime of the widow, she was clearly entitled to it under the will. Suppose the building had been rented for an extraordinary sum for a short time, as buildings are known at times to be let upon unusual occasions such as the passing of a pageant, or during inaugural, or other ceremonies. Certainly such extraordinary rent would belong to the life tenant. We do not agree with the suggestion of the court below that the rule of law that rent is not apportionable, applies only to "normal rent." We see no reason for any such distinction, and no authority to sustain it has been cited. For some reason satisfactory to itself, the new tenant was willing to pay a large bonus to the trustees for an extension of the lease. The remainder-men have not been prejudiced in any way by the transaction. In addition to the bonus, the trustees are receiving the same rental, $12,500 per annum, as that reserved in the original lease. After January 1, 1913, the rental will be at the increased rate of $21,000, per annum. We agree with the auditing judge that the payment of this bonus of $10,000, or the initial payment of that sum as rent, however it may be regarded, belongs to the life tenant, and should have been awarded to her. The court in banc was in error in directing that the sum should be apportioned over a period of four years. However, the life tenant has acquiesced in the final decree of the orphans' court, and has taken no appeal. Her counsel is here asking that the decree of the court below be affirmed. The present appeal is by one of

those interested in remainder, who contends that the sum should be apportioned throughout the entire term of the lease, a period of ten years. The specifications of error filed in her behalf are dismissed, and the decree of the orphans' court is affirmed.