## RIKER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 249.

Circuit Court of Appeals, Second Circuit.

May 19, 1930.

Harmon W. Hendricks, now deceased, was the residuary legatee under the will of Edith Hendricks. The petitioner is the executor of his estate. During 1923 the estate of Edith Hendricks was still unsettled and in process of administration. For that year, it filed an income return in which it included $33,000 of its income which had in fact been paid by the estate during that year to Harmon W. Hendricks. The Commissioner of Internal Revenue reduced the taxable income of the estate by that amount and created the deficiency here involved by adding that sum to the taxable income of Harmon W.

So far as Harmon W. Hendricks took under the will of Edith, he did so by virtue solely of the following clause:

"Fourthly: All the rest, residue, and remainder of my property and all the property over which I have the power of appointment by virtue of the provisions of the will of my said mother, Fanny Hendricks, I give, devise, limit, and appoint unto my brother, Harmon W. Hendricks, absolutely forever."

There is no suggestion in the record that this sum was not properly paid to Harmon W. The difference between the petitioner and the respondent is that the petitioner claims it was a payment nontaxable as income to Harmon because it was a transfer of part of the corpus to him, the payment of income to him not being required by the terms of the will, and it is thought that, if this payment had remained in the estate until final settlement, it would have become a part of the residuary corpus and been paid to him as such; while the respondent claims that, since it was income of the estate and actually paid to Harmon W. while the estate was in process of administration, it was taxable as his income when received by him.

William H. Button, of New York City, and Lawrence A. Baker and Henry Ravenel, both of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and John Vaughan Groner, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Joe S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

No one does, or could, consider the $33,000 as anything but income to the estate. We agree that the estate was not bound to pay any of this income to Harmon W. Hendricks before final settlement. Notwithstanding this, it did in fact pay the above

sum out of its income to him in 1923, and there is nothing to indicate in the slightest that this was not a perfectly proper thing to do in the discretion of those in charge of the estate. Presumably it was done under some order of distribution, but at any rate, for reasons unknown, and now immaterial anyway, he was paid this part of the estate's income in 1923 instead of being compelled to wait for it until administration had fully taken place. At the time the Revenue Act of 1921 (42 Stat. 227) controlled and contained the following:

"Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

"(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

"(3) Income held for future distribution under the terms of the will or trust; and

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct. * * *

"(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

"(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribu-

tion, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivision (a) and (b) of section 216 as are received by the estate or trust."

Since the sum in controversy was properly paid by the estate to the ultimate beneficiary, though the testatrix had not expressly provided for the payment of income to him, it might have been deducted from the taxable income of the estate in accordance with subdivision (c) above. The petitioner earnestly insists that the estate was merely given the right to elect whether to deduct or not, and, having elected not to deduct this amount from its taxable income, fixed its status as income taxable as such to the estate alone. We agree that the statute gave the estate permission only to make the deduction, and, if the words of the statute did not themselves amply show this to be so, would have an added reason for this conclusion in the fact that in 1924 Congress changed the law to make such a deduction compulsory. Revenue Act of 1924, § 219 (b) (3), 26 USCA § 960 note. Yet we do not agree that any election as to deduction by the estate could have any bearing on the taxation of this amount to the beneficiary or do more than, if taken, relieve the estate of the necessity for initial payment of income taxes pro tanto. In subdivision (d) is found the provision for taxing this payment as income to the beneficiary whether the estate takes the permitted deduction or not. The important part is: " * * * And in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income * * * which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary. * * * " This covers by express reference the estate income which was paid to Harmon W. Hendricks. The statute is not confined to what has actually

been deducted, but it includes what is "permitted by subdivision (c) to be deducted." We must treat the $33,000 paid to Harmon W. as permitted to be deducted, since it was properly paid and it falls within the statutory requirement that "the tax shall not be paid by the fiduciary" but by the beneficiary.

The statute presents no new theory of income taxation by requiring such a payment to be treated as income in the hands of Harmon W. Hendricks. See Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897; Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; Heiner v. Beatty (C. C. A.) 17 F.(2d) 743. In Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362, it was held that the increase in value of a gift from the time the property was acquired by the donor to the time it was sold by the donee could be reached as income taxable to the donee.

Judgment affirmed.