**UNITED STATES v. ARNOLD et al.**
**No. 5777.**

Circuit Court of Appeals, Third Circuit.
Feb. 4, 1937.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and E. E. Angevine, Sp. Assts. to the Atty. Gen. (Charles D. McAvoy, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa.), for the United States.

A. S. Weill, of Philadelphia, Pa., and Hugh Satterlee, of Washington, D. C. (Weill, Blakely & Nesbit, of Philadelphia, Pa., and Weill, Satterlee, Blakely & Green, of Washington, D. C., of counsel), for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and FORMAN, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court allowing recovery of an overpayment of income tax by the trustees.

In 1928 the trustees sold some of the assets of the Nirdlinger Estate and reported a profit of $169,656.51 on which they paid the income tax for that year. When their account was filed with the orphans' court of Philadelphia County in 1932, it decreed that $23,805.23 of the profit resulting from the sale did not belong to the estate, but to the life tenants or beneficiaries, and was "currently" distributable to them.

Accordingly the tax thereon should have been paid by the beneficiaries and not by the trustees for the estate. Seasonable demand for the return of the overpayment was made and refused and suit was brought to recover it.

Income "currently" distributable to a beneficiary is, within the meaning of taxing statutes, income of the beneficiary as of the time of its receipt by the fiduciary and is returnable by and taxable to the beneficiary, whether or not distributed to him. McCaughn v. Girard Trust Co. (C.C.A.) 19 F.(2d) 218; Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634. Consequently the income of $23,805.23 distributable in 1928 to the beneficiaries, but retained for some time by the trustees, was income of, and taxable to, the beneficiaries.

But the government says that it would be inequitable to allow the trustees to recover, for the reason that the statute of limitations has run and it cannot recover from the beneficiaries. Therefore, it says, the trustees are estopped. But the trustees made demand for the return of the overpayment and this was refused by the Commissioner before the statute had run. Estoppel, however, as Judge Dickinson, in the following quotation, well said, in disposing of this case, is not a defense to this action:

"The final refuge of the defense is in the estoppel set up. Estoppel is an equitable doctrine. Here the right of action is a legal right and indeed a statutory one. It may be that the right should not have been given under conditions, such as here, where the giving of it enables the beneficiary to escape payment of a tax which he otherwise should pay but this does not affect the question of whether it was given. It is agreed all around that a tax might have been assessed against the beneficiaries. The neglect or refusal to so assess it would not make the Estate or any one else taxable who otherwise would not be. We do not see that a mistake of judgment or any cause or reason for the failure to tax one affects the legal rights of others. The distinction between Law and Equity is illustrated by that between Laches and a Statute of Limitations. They are founded on the like considerations. Equity however denies a remedy when under all the circumstances the complainant has forfeited his right to it. The law applies only the calendar test. Is the plaintiff within the time allowed him? A Statute of Limitations may be tolled when in good faith it should not be invoked but no equitable considerations will deny to a plaintiff his legal rights by shortening the period of limitation allowed by law. Had the plaintiffs failed to bring the present action within the statutory time limit no excuse for the delay based upon hard luck considerations would avail them because the right they are seeking to assert is a legal right. By the same token a legal right bestowed is not lost by like considerations. We refrain from discussing the doctrine of estoppel because it has no place in the discussion of a legal right."

The judgment is affirmed.