ADOLPH BERNARD SPRECKELS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85651. Promulgated April 15, 1938.

*Walter Slack, Esq.*, for the petitioner.

*E. A. Tonjes, Esq.*, and *Frank M. Thompson, Jr., Esq.*, for the respondent.

OPINION.

HARRON: (1) The amount of $625 attorney's fees paid from petitioner's funds by his guardian in 1932 was a personal expense, which is not deductible. The expenditure was not a business expense. *Clara Hill Lindley*, 26 B. T. A. 742; affd., 63 Fed. (2d) 807. This issue involves the same question as was before the Supreme Court in *Van Wart* v. *Commissioner*, 295 U. S. 112, and that opinion of the Court is controlling here. The respondent's determination in this issue is sustained.

(2) The second issue in this proceeding involves the question whether a trust or a beneficiary of a trust is taxable in 1932 on income of the trust for that year paid to the beneficiary in that same year. Respondent contends that the income is taxable to the beneficiary under the provisions of section 162 (b), Revenue Act of 1932. We agree with respondent's contention.

Subsection (b) of section 162 is set forth in the margin.[1] This subsection is one of three subsections prescribing the manner of determining the net income of a trust for taxation of income of the trust. It is phrased in positive terms and not permissive terms, viz: "There *shall be allowed* as an additional deduction \* \* \*, but the amount so allowed as a deduction *shall be included in computing the net income of the beneficiaries whether distributed to them or not.*" (Italics supplied.)

Turning to what deduction shall be allowed a trust and shall be included in the net income of a beneficiary, we find the following specified: "the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries."

In this proceeding, we are concerned with the question of who is taxable upon the amount of $8,042.65 in the taxable year, the fiduciary or the beneficiary. This amount represents income of a trust re-

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

ceived by it during the taxable year in the interval between January and October. There is no question regarding the nature of the amount involved. It is income from principal of a trust. The trust provides that any distribution of principal to the beneficiary, who is our petitioner, shall be made upon such contingencies as the facts show will be subsequent to the taxable year, i. e., on or after March 9, 1934, when petitioner's younger sister attains her legal majority. Also, the trust does not provide that any of the net income of the trust should be added to the principal of the trust. The trust, by its terms, directs the manner of distributing *income* of the trust. Congress intended that income of trusts should be taxed as other income is taxed and so provided in sections 161[2] and 162 of the Revenue Act of 1932. We conclude that the amount of $8,042.65 in question was income. See *Irwin* v. *Gavit*, 268 U. S. 161; *Codman* v. *Miles*, 28 Fed. (2d) 823.

Turning to the question of who is taxable for this income, we deem it pertinent to observe that consideration of the issue presented should be given with recognition of the oft-stated principle that taxation is a practical matter. The trust and the petitioner had the same calendar year and at the close of that year each was required to prepare his respective income tax return. At the close of the year 1932, one contingent right, referred to in the trust, had matured, namely, the petitioner, a beneficiary, had attained his legal majority. His right to receive current income of the trust held for him during the period from January 1 to October 30, 1932, had become an enforceable right to receive payment of such income. Within the taxable year it became the duty of the fiduciary to distribute such income to our petitioner. Cf. *Commissioner* v. *Stearns*, 65 Fed. (2d) 371. In fact, he had received it; the fiduciary had paid it to him. While we do not have the trust before us as a petitioner, we may refer to the intent of the statute as to what deductions it allows the trust to receive in computing its taxable net income. It appears to be clear that section 162 (b) allows the trust a deduction for the amount of its income for the taxable year which is distributed in the taxable year to a beneficiary.

---

[2] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct.

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

The meaning of sections 161 and 162 has been considered before now. Those sections are not new in the revenue acts. Sections 161 and 162 of the Revenue Act of 1932 are substantially the same as sections 219 (a) and (b) of the Revenue Act of 1924. This latter section was involved in *Butterworth* v. *Commissioner*, 63 Fed. (2d) 944, which was affirmed by the Supreme Court in *Helvering* v. *Butterworth*, 290 U. S. 365. In the latter case the Supreme Court made the following statement upon the meaning of the pertinent statutory provisions:

> The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. But he was entitled to credit for any sum *paid to a beneficiary within the intendment of that word*, and this amount then became taxable to the beneficiary. [Italics supplied.]

We consider that the proper determination of the issue here turns upon the fact that within the taxable year of the trust the $8,042.65 income it had received in that year was properly payable to and paid to our petitioner and that the trust was entitled to deduction from its gross income for such amount in computing its taxable trust income. This being so, the statute prescribes that the beneficiary shall include in his net income the amount of such deduction. The amount in question was distributed to our petitioner and we conclude that he is taxable for it.

In arriving at the above conclusion, we have followed the reasoning expressed in *Helvering* v. *Butterworth*, *supra*. The petitioner relies upon *Roebling* v. *Commissioner*, 78 Fed. (2d) 444, which reversed the Board's decision in *Robert C. Roebling*, 28 B. T. A. 644. The following is noted. In this proceeding the amount in question, distributed to the petitioner, was income of the trust and it was distributed to petitioner as income. In the *Roebling* case, a will created a trust by the terms of which the trustees were to pay to a beneficiary a share of principal with any accumulated income thereon. The Circuit Court of Appeals construed the terms of the trust to mean that accumulated income of a trust came to the beneficiary as part of the principal of the trust. Both principal and accumulated income of the trust were distributed to the beneficiary in the taxable year. The court held that what had been income to the trust became something totally different when it was received by the petitioner and that, since the petitioner did not receive "income" from the trust, he was not taxable upon the distribution to him by the trustees. The *Butterworth* case dealt with current income of a trust paid to a beneficiary. This proceeding, likewise, is concerned with current income of a trust paid to a beneficiary. We find no terms in the trust involved here which change the character of what was income of the trust to something else when distributed to our petitioner. He re-

ceived no principal from the trust in the taxable year. We, therefore, believe that there are differences in the facts in this proceeding which distinguish it from the *Roebling* case. However, to the extent that this proceeding is not distinguishable from the case of *Roebling* v. *Commissioner*, *supra*, we respectfully decline to follow the conclusions reached by the Circuit Court.

Reviewed by the Board.

*Decision will be entered for the respondent.*

STERNHAGEN, dissenting: The amount of the trust income which the petitioner received in 1932 was, in my opinion, not what the statute describes as income "which is to be distributed currently by the fiduciary to the beneficiaries." The distribution was entirely because the beneficiary had reached his majority, and I do not think the word "currently" can be appropriately applied to it. The conclusion of *Roebling* v. *Commissioner*, 78 Fed. (2d) 444, seems to me to be correct.

ARUNDELL, SMITH, VAN FOSSAN, and MURDOCK agree with this dissent.