## MALCOM v. COMMISSIONER OF INTERNAL REVENUE.

### No. 237.

Circuit Court of Appeals, Second Circuit.

June 6, 1938.

A. Harding Paul, of Washington, D. C., for appellant.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Howard P. Locke, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This petition seeks a review of the determination of the petitioner's income tax for the year 1932. Robert E. Westcott, a resident of the State of New York, died leaving as survivors, his widow and a daughter, the petitioner. By his last will and testament, he bequeathed the residue of his estate in trust to be held during the lives of his widow and petitioner, the income to be paid in accordance with its terms. The widow died in 1919 and the petitioner is the sole beneficiary and was entitled to receive, in 1932, the entire net income of the trust estate.

On March 3, 1920, the trustees leased for 21 years beginning May 1, 1920, and ending May 1, 1941, premises in the City of New York to a realty corporation which subsequently subleased the property. The sublessee, desiring to insure its continued possession of the premises after May 1, 1941, agreed with the trustees in 1931 to make "annual consideration payments" until 1941. The "annual consideration payment" for the taxable year 1932 amounted to $10,443.25. In return for these "annual consideration payments" the trustees agreed to an extension of the lease for an additional 21 years from 1941.[1] The petitioner did not receive this money since it was kept by the trustees as undistributed income and was regarded by them as future rent.

Subdivision 3 of the sixth paragraph of the will of petitioner's father directed that all income of the trust be hers after the death of his wife and no discretion was given to the trustees to reserve or accumulate any part thereof. The question for decision is whether the amount received as an "annual consideration payment" in 1932 by the trust, which was not actually paid to petitioner, constitutes income which is to be distributed currently by the fiduciary, within the terms of section 162(b) of the Revenue Act of 1932, 26 U.S.C.A. § 162(b). Section 162(b) provides:

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but

---

[1] It is expressly understood and agreed that as part consideration for the making of this lease by the Landlords to the Tenant and as a condition precedent to the taking by the Tenant of possession of the premises under this lease and as a condition precedent to the commencement of the term hereof, there shall be paid by the Tenant to the Landlords in addition to any and all other payments required to be made hereunder, sums of money hereinafter also called "annual consideration payments" in equal monthly payments in advance as follows: At the rate of Seven thousand five hundred ($7,500) per annum from the date hereof until October 1, 1931, or until the commencement of the term hereof if the same should commence on a day earlier than October 1, 1931; and at the rate of Ten thousand dollars ($10,000) per annum from October 1, 1931, to May 1, 1941, or until the commencement of the term hereof if the same should commence on a date after October 1, 1931, and before May 1, 1941. Such payments shall be made with adjustment for any period less than one month.

the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *"

The annual consideration payment for 1932, which was income from the corpus of the trust, was payable to the trustees. However, it is claimed that such payments were advance rent on the lease to commence in 1941 and as such should be held for distribution to the then beneficiaries. But the trustees were unwilling and did not make the renewal of the lease until a cash payment was made as a consideration for surrendering a right to negotiate perhaps for better terms of lease ten years later. The agreement entered into provided for annual payments of approximately $10,000 each year. This was a present consideration for the right to continue occupancy of the premises after 1941 and these annual consideration payments were the amount of income which the trustees in their administration of the trust, were able to and did derive from the corpus.

The state court's order of 1931 approving the renewal of the lease contained no provision or instructions as to the distribution of the annual consideration payments and the action taken by the trustees in treating this income as future rents was by agreement of the parties only. But this agreement or understanding between the parties cannot affect the obligation to pay income tax as the Board of Tax Appeals has decided. The tax may be imposed on petitioner as beneficiary even though the income has not in fact been paid to her if it was distributable to her. DeBrabant v. Com'r, 2 Cir., 90 F.2d 433; McCrory v. Com'r, 5 Cir., 69 F.2d 688. The test is whether the income of the trust was currently distributable and therefore taxable to the beneficiary; it is not the receipt of income but the present right to receive it that controls. Blair v. Com'r, 300 U.S. 5, 57 S. Ct. 330, 81 L.Ed. 465; Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634. An examination of In re Archambault's Estate, 232 Pa. 347, 81 A. 314, 36 L.R.A.,N.S., 637, and Johnson v. Brink, 271 Mass. 521, 171 N.E. 717, will reveal that these cases, cited by the petitioner, are not in conflict with the views here expressed.

The Board was right in holding that the "annual consideration payments" were currently distributable income to the petitioner as sole beneficiary of the trust and

such income should have been included in her gross income for the taxable year involved.

Order affirmed.