## SPRECKELS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8942.

Circuit Court of Appeals, Ninth Circuit.

Feb. 14, 1939.

HEALY, Circuit Judge, dissenting.

———◆———

Walter Slack, of San Francisco, Cal., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, John A. Gage, and Edward F. McMahon, Spec. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, Adolph Bernard Spreckels, seeks reversal of a decision of the Board of Tax Appeals[1] which determined that there was a deficiency of $3,886.11 in respect of petitioner's income tax for the calendar year 1932. The facts are not in dispute. They are, briefly stated, as follows:

Petitioner's father, Adolph Bernard Spreckels (hereafter called decedent), died on June 28, 1924, leaving a will whereby certain property was devised and bequeathed to trustees, in trust, for the benefit of decedent's widow, Alma de Bretteville Spreckels, and his three children, Alma Spreckels Rosekrans, Dorothy Constance Spreckels and petitioner. The will was admitted to probate and, in conformity there-

---

[1] Spreckels v. Commissioner, 37 B.T.A. 709.

with, the trust property was distributed to the trustees on February 24, 1932. The decree of distribution provides, as, presumably, the will provided,[2] that the trustees shall collect the income of the trust estate and, at such intervals as shall be found practicable, pay one-half the net income thereof to Alma de Bretteville Spreckels. The decree further provides:

"During the lifetime of said Alma de Bretteville Spreckels, the remainder of the net income from the trust estate, and, after her death, the whole of such net income, shall belong to and go to Alma Spreckels Rosekrans (formerly Alma Emma Spreckels), Adolph B. Spreckels [petitioner] and Dorothy Constance Spreckels, children of [decedent] and of said Alma de Bretteville Spreckels, share and share alike; provided, however, that during the minority of any of said children their respective shares of said net income shall be accumulated and disposed of by said trustees, as follows:

"As each child attains the age of majority, he or she shall receive from the trustees his or her proper share of the accumulated net income, and also shall thereafter receive his or her proper share of the current net income, which shares shall be determined by a fraction whose numerator shall be the number one (1) and whose denominator shall express the number of said children then living. * * *"

The widow and all three children of decedent were living at the end of 1932 and, so far as the record shows, are still living. At the time of decedent's death, all the children were minors. The decree of distribution reads as if all were minors at the time of the decree, February 24, 1932. As a matter of fact, the eldest child, Alma Spreckels Rosekrans, had theretofore attained her majority. The other two were still minors. Petitioner attained his majority on October 30, 1932. Dorothy Constance Spreckels attained hers on March 9, 1934.

Income from the trust estate was collected and disposed of by the trustees in conformity with the decree. Accordingly, from February 24, 1932, to October 29, 1932, petitioner's share of the trust income was accumulated for future distribution to him, that is to say, for distribution to him on October 30, 1932. The amount, $8,042.-65, so accumulated was so distributed. In computing his net income for 1932, petition-

er did not include this amount. Respondent, the Commissioner of Internal Revenue, contended, and the Board agreed, that it should have been included. Hence the claimed deficiency.

■ The question is whether the $8,042.-65 was taxable to the trust as its income or to petitioner as his income. The answer to this question is found in §§ 161 and 162 of the Revenue Act of 1932, 47 Stat. 219, 220, 26 U.S.C.A. §§ 161, 162, the pertinent portions of which are as follows:

"§ 161. *Imposition of tax.*

"(a) *Application of Tax.* The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including:

"(1) Income accumulated * * * for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries.

* * * * * *

"§ 162. *Net income.*

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

* * * * * *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *"

Trust income dealt with in the above quoted provisions falls into two distinct and mutually exclusive categories: (1) Income accumulated for future distribution under the terms of the will or trust and (2) income which is to be distributed currently by the fiduciary to the beneficiaries. The first is taxable to the trust, the second to the beneficiaries. The income here involved belonged to the first category, not the second. It, therefore, was taxable to the trust, not to petitioner.

■ The fact that this income was distributed to petitioner in the same taxable year

---

[2] The will is not in the record. We assume, however, as did the Board and counsel for both parties, that its terms were identical with those of the decree.

in which it was accumulated is immaterial. Though distributed in the same taxable year, it was not to be and was not distributed currently, but was to be and was accumulated for future distribution to a beneficiary under the will or trust. All income so accumulated is taxable to the trust, not to the beneficiary, and this is true regardless of whether such accumulation and distribution occur in the same or in different taxable years. Compare Roebling v. Commissioner, 3 Cir., 78 F.2d 444, 447.[3] If Congress had intended to apply a different rule to trust income accumulated and distributed in the same taxable year, it undoubtedly would have expressed that intention. It has not done so.

The decision under review is in conflict with Roebling v. Commissioner, supra, and is supported only by previous decisions of the Board (Brown v. Commissioner, 9 B.T.A. 521; Sparrow v. Commissioner, 18 B.T.A. 1; Roebling v. Commissioner, 28 B.T.A. 644), which we think erroneous. Cases cited by respondent (Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897; Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365; Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Codman v. Miles, 4 Cir., 28 F.2d 823; Riker v. Commissioner, 2 Cir., 42 F.2d 150; McCrory v. Commissioner, 5 Cir., 69 F.2d 688; Letts v. Commissioner, 9 Cir., 84 F.2d 760; United States v. Arnold, 3 Cir., 89 F.2d 246) are not in point. The question we are considering was not involved, decided, considered or discussed in any of those cases.

Decision reversed.

HEALY, Circuit Judge (dissenting).

I think the decision of the Board should be affirmed.

In its natural connotation the phrase "to be distributed currently", as found in § 161 (a) (2) and in § 162(b), 26 U.S.C.A. §§ 161 (a) (2), 162(b) would seem to have reference to income which is to be distributed to the beneficiary during the current tax year. Conversely, the phrase "income accumulated or held for future distribution under the terms of the will or trust" would seem to have reference to income accumulated during a tax year or years for distribution in a future tax year.

In this instance the petitioner had a vested interest in the income received by the trustee during the tax year 1932, the income for that year was to be distributed currently to him under the terms of the trust, and he actually received it during that year. I think the whole of it was taxable to him. In its intended aspect as a revenue measure, the construction given the statute by the court has the unsatisfying and not very logical result of making a portion of the current income taxable to the trustee and the remainder of it to the beneficiary, although the latter got and was entitled to receive all of it.

---

[3] Reversing Roebling v. Commissioner, 28 B.T.A. 644.

