WILLIAM STARK TOWNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM STARK TOWNE TRUST, UNDER THE WILL OF FLORENCE LINDSAY JOHNSON, DECEASED, JOSEPHINE JOHNSON MILTON AND GEORGE S. TOWNE, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM STARK TOWNE TRUST, UNDER THE WILL OF WILLIAM PIERCE JOHNSON, DECEASED, GEORGE S. TOWNE AND JOSEPHINE JOHNSON MILTON, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 99197, 99198, 99199. Promulgated October 22, 1940.

*Douglas Erskine, Esq.*, for the petitioners.
*Harry R. Horrow, Esq.*, for the respondent.

OPINION.

OPPER: Deficiencies were determined by respondent in the income tax of the individual petitioner for the year 1935 in the amount of $4,390.95; and in the income tax of the petitioning trustees for the same year of $100.71 and $722.34 for the Florence Lindsay Johnson and William Pierce Johnson trusts, respectively. Their correctness is put in issue by these consolidated proceedings. The facts are stipulated and are hereby found accordingly. For present purposes a summary will suffice.

The trusts for the benefit of the individual petitioner, hereinafter for convenience referred to as petitioner, of which the petitioning trustees were the respective fiduciaries, contained the following provision in almost identical language.

During the minority of my grandson WILLIAM STARK TOWNE [petitioner], my said trustees shall pay out of the net income of said trust fund so much as may be necessary for the support, maintenance and education of my said grandson and (shall) accumulate the balance of said net income, paying the balance of said income so accumulated to my said grandson when he attains the age of majority. After my said grandson shall have attained the age of majority, my said trustees shall pay the whole of the net income of said fund to my said grandson.

The only difference between the two provisions is the single word in parentheses.

Petitioner reached his majority on November 8, 1935. On that day income received by the trusts during the preceding portion of the calendar year and not theretofore distributed was credited to accounts on the books of the respective trusts entitled "Surplus— Ordinary Income" and on the same day was paid to petitioner. These are the amounts in issue here as to the individual petitioner. During previous years the amount of income not distributed during the year in accordance with the provision above noted was entered in the same account at the end of each year.

In determining deficiencies against the trusts respondent made an "alternative adjustment" charging them with "the entire income of the trusts." Respondent now concedes that the trusts are entitled to deductions for amounts expended on the beneficiary's behalf before, and for amounts currently distributable to the beneficiary after, reaching his majority. With respect to the income received during the taxable year which was paid to the beneficiary on attaining his majority, which is the real subject of this litigation, the trusts did not claim and respondent did not allow a deduction. Subsequently, the trusts claimed overpayments, in the alternative, in the event these amounts were chargeable to the beneficiary.

These payments to the beneficiary were not the result of an exercise of the trustees' discretion, and the Revenue Act of 1934, section 162 (c), is accordingly inapplicable in any event. *Robert C. Roebling*, 28 B. T. A. 644, 652; reversed on other grounds (C. C. A., 3d Cir.), 78 Fed. (2d) 444. As to the application of section 162 (b), we can not distinguish this case from *Spreckels* v. *Commissioner* (C. C. A., 9th Cir.), 101 Fed. (2d) 721, reversing 37 B. T. A. 709. Following that decision, we are constrained to sustain petitioners' contention that the income in question is taxable to the trust and not to the petitioner beneficiary.

The deficiencies determined against the trusts do not involve this income, for which, as we have said, no deduction was claimed by the trusts nor allowed by respondent. Such deficiencies can not stand on any theory, since they cover income which was distributable or actually distributed to petitioner and on which it is conceded that the trusts are not taxable. Respondent's action in this respect is accordingly disapproved.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*

LEECH dissents.

_____

MELLOTT, dissenting: In *Adolph Bernard Spreckels*, 37 B. T. A. 709, during the minority of the children, including the petitioner then before us, "their respective shares of said net income * * * [were to] be accumulated" and, as each child attained his majority, he was to receive "his or her proper share of the accumulated net income." The court, in reversing the Board (*Spreckels* v. *Commissioner*, 101 Fed. (2d) 721), pointed out that, under section 162 (b), trust income dealt with therein "falls within two distinct and mutually exclusive categories: (1) Income accumulated for future distribution under the terms of the will or trust and (a) income which is to be distributed currently." Holding that the income involved "belonged to the first category, not the second," it correctly concluded that the income was taxable to the trust and not to the petitioner.

Under the trust instruments in the instant proceeding the trustees were required to pay out of the net income of the trusts "so much as may be necessary for the support, maintenance and education" of the *cestui que trust*. This clause, it seems to me, vested in the fiduciary a discretion as to the amount which might be paid over to the beneficiary. That the trustees so considered it is evident from their treatment of the income; for it was not until petitioner had reached his majority that the income was placed in the surplus account and on the same day it was paid over to him. It is ap-

parent, therefore, that until the very moment of distribution the trustees had the discretion either to pay the income over to petitioner or to accumulate it. If so, then under section 162 (c) the amount "which is properly paid or credited during such year to * * * [the] beneficiary" should be included in computing his net income and be "allowed as an additional deduction in computing the net income of the * * * trust." Cf. *State Savings Loan & Trust Co., Trustee*, 25 B. T. A. 228; affd., 63 Fed. (2d) 482.

Being of the opinion that the instant proceeding is distinguishable upon its facts from the *Spreckels* case and that the majority err in holding section 162 (c) to be inapplicable, I respectfully note my dissent.