Michael Pitcairn v. Commissioner. Karen Pitcairn, now Karen Pitcairn Cole v. Commissioner.
Pitcairn v. Commissioner
Docket Nos. 110684, 110685.
United States Tax Court
1942 Tax Ct. Memo LEXIS 104; 1 T.C.M. (CCH) 42; T.C.M. (RIA) 42579; October 31, 1942
*104 Thorpe Nesbit, Esq., 1240 Land Title Bldg., Philadelphia, Pa., for the petitioners. Paul E. Waring, Esq., for the respondent. HILL Memorandum Opinion HILL, J.: These are consolidated proceedings for the redetermination of deficiencies in income tax as follows: In Docket No. 110684 a deficiency of $11,925.28, for the calendar year 1939, and in Docket No. 110685 a deficiency of $1,975.42, for the calendar year 1938. The sole issue submitted for decision in each case is whether trust income, undistributed during the beneficiary's minority in the taxable year and properly paid to him or her on reaching majority in the same year, is taxable to the beneficiary. An additional issue was raised respecting the deductibility of certain amounts alleged to represent business expense but this issue was abandoned at the hearing. The facts were stipulated by the parties, and such stipulations are here adopted in full as our findings of fact, but only such portions thereof will be set out below as are deemed necessary to a discussion of the issue. [The Facts] Petitioner Michael Pitcairn is an individual residing at Bryn Athyn, Pennsylvania, with an office in Philadelphia. He filed his income *105 tax return for the year 1939 with the collector of internal revenue for the first district of Pennsylvania. Petitioner Karen Pitcairn, now Karen Pitcairn Cole, sometimes hereinafter for convenience called Karen Pitcairn, is an individual, who, in 1938, resided at Bryn Athyn, Pennsylvania, with an office at Philadelphia. She filed her income tax return for the year 1938 with the collector last above mentioned. This petitioner married on November 1, 1941, and her name now is Karen Pitcairn Cole. Michael Pitcairn was born on November 25, 1918, and became 21 years of age on November 26, 1939. Karen Pitcairn was born on May 2, 1917, and became 21 years of age on May 2, 1938. Petitioners are the persons referred to in certain deeds of trust mentioned hereinbelow. On November 25, 1921, Raymond Pitcairn, father of petitioners, executed and delivered a certain deed of trust, called Trust "A", together with the property therein conveyed, to Mildred G. Pitcairn, trustee. On March 4, 1922, Raymond Pitcairn executed and delivered a second deed of trust, called Trust "B", together with the property therein conveyed, to Harold F. Pitcairn, trustee. In each of these deeds of trust Michael Pitcairn *106 was named life beneficiary of income. On the same dates, substantially similar deeds of trusts, in which Karen Pitcairn was named life beneficiary of income, were executed and delivered by the same grantor to the same trustees. Both "A" and "B" trust instruments, wherein Michael Pitcairn was named beneficiary, contained the following provisions: 2. That he (the trustee) will apply the said dividends, issues and profits, and the interest arising from said trust property, to the support of my son, Michael Pitcairn, during his life excepting that during his minority when the dividends, issues, profits and interest of said trust property shall be accumulated and such accumulation paid to him when he attains the age of twenty-one years, - so, however, that neither the said trust property, nor the dividends, issues and profits, interest and income arising therefrom, or any part thereof, shall or may, at any time hereafter, be liable or subject, in any manner whatever, to the control, engagements, debts or liabilities of him, the said Michael Pitcairn, whether now existing or hereafter to be incurred; nor shall the said corpus or principal of said trust property, or said dividends, issues *107 and profits, interest and income, or any part thereof, be capable or liable to any assignment, alienation, pledge or mortgage, or be in any wise anticipated by him; provided, however, that it shall and may be lawful for said trustee in his sole and absolute discretion, but not otherwise, whenever and if he may think it prudent or discreet so to do, to transfer or pay over to my son, Michael Pitcairn, the whole or any part of the property or corpus of said trust property, but of the expediency or propriety of making such transfer or payment of or out of said principal or corpus, said trustee is to be the sole and absolute judge. Provisions in all material respects identical with those quoted above were contained in the two trust instruments in which Karen Pitcairn, daughter of the grantor, was named as beneficiary. From and after the execution and delivery of the deeds of trust in which Michael Pitcairn was named beneficiary, the trustees accumulated the income of the trust to November 25, 1939, the date on which Michael Pitcairn attained his majority, and filed fiduciary income tax returns reporting such income as taxable to them. Likewise, the trustees accumulated the income of *108 the trusts for the benefit of Karen Pitcairn to May 2, 1938, the date on which this petitioner attained her majority, and the trustees reported such accumulated income as taxable to them in their fiduciary income tax returns. Petitioners reported in their individual income tax returns the amount of trust income distributable to each at the close of the respective taxable years, which income had been realized by the trustees after the date on which each petitioner had attained his or her majority. In his determination of the deficiency in each of these cases, respondent included in the taxable income of the petitioner the net income of the trusts for the entire taxable year, thus, taxing to each petitioner the income accumulated in each taxable year prior to the date on which it became distributable. [Opinion] The question presented in these proceedings has been heretofore decided adversely to respondent's contention. See William Stark Towne, 42 B.T.A. 1046, petition for review dismissed, 121 Fed. (2d) 453; Spreckels v. Commissioner, 101 Fed. (2d) 721 (22 AFTR 582); Roebling v. Commissioner, 78 Fed. (2d) 444 (16 AFTR 396). *109 Following those decisions, we hold that the income here in controversy was properly taxable to the trustees and not to petitioners. The deficiencies will be redetermined in accordance with this opinion and the stipulations of the parties applicable thereunder.