THE STATE *ex. rel.* WILLIAM FAIRCLOTH *v.* R. K. FERRELL and others.

It is not necessary that a writ of execution shall be made returnable to *the next term* after that at which it was tested.

(*Ledbetter* v. *Arledge*, 8 Jon. 475, cited and approved.)

CIVIL ACTION, submitted upon a case agreed, to *Watts, J.*, at WAKE, Spring Term 1869.

The case recited that a judgment in favor of the plaintiff, against one Cunningim, was obtained at Fall Term 1867, of the Superior Court for the County of Greene, which was held on the second Monday after the fourth Monday of September in that year; and that an execution was issued on said judgment, tested of said term and made returnable to the Fall Term of the said Court, in the year 1868. This execution reached the hands of the Sheriff of Wake on the 30th of March 1868, and was levied upon a certain lot and houses thereon, in the City of Raleigh. Several executions in behalf of other parties, came to the hands of the Sheriff, before the 30th of March 1868; but it was admitted, that the plaintiff's execution was of prior teste to any other in the hands of the Sheriff on the 18th day of May 1868, the time when the sale was made.

The Sheriff however, applied the proceeds of sale to what he termed " older judgments, having priority of this execution."

Upon this state of facts his Honor gave judgment for the defendants, and the plaintiff appealed.

*Battle & Sons*, for the appellant.
*Bragg, contra.*

SETTLE, J. (After stating the case as above.) Since the case of *Green* v. *Johnson*, 2 Hawks, 309, there can be no question, that an execution bearing the first teste, will be satisfied before one of a younger teste first delivered and levied upon property, which is not sold, before that of the first teste comes to the Sheriff's hands.

But the plaintiff's execution was doubtless considered void, because it bore teste of Fall Term 1867, and was made returnable to Fall Term 1868, taking no notice of Spring Term 1868, which intervened.

In *mesne* process, if a term be omitted, the writ is void in personal actions; but it is not so in *final* process.

It is not necessary, at common law, that a writ of execution should be made returnable to the next term after that in which it is tested; if a term intervene it is not material. We are not aware that the point has ever been presented before in this State, but we consider it determined, upon the authority of *Shirley* v. *Wright*, 2 Ld. Raym, 775; especially as this case is cited, with approbation, by so many text writers. 2 Bacon's Abr, tit Execution, c 1; 1 Archbold's Pr. 25 Sellon, 551; 2 Tidd, 1028.

Our statute, Rev. Code, ch. 31, sec. 50, has no application to *executions*, (*Ledbetter* v. *Arledge*, 8 Jon. 475,) and, in cases where it does apply, is only in affirmance of the common law, for it directs that "all writs, &c., shall, unless otherwise directed, be returned the first day of the term, *to which the same shall be returnable, &c.*"

Sales made under junior executions, are supported in favor of innocent vendees, and creditors must look to the fund, or to the Sheriff, in case there has been a misapplication of the fund.

True, the lien of the first execution may be destroyed by laches or fraud, but it cannot be contended that such is the case here, for doubtless the Clerk of the Superior Court of Green county issued the execution in question under what he supposed to be provisions of the so called Stay Law.

We are of the opinion that the plaintiff is entitled to recover.

Let it be certified that there is error, &c.

PER CURIAM.            There is error.