THEODORE HASS ET AL. v. THE SECURITY INSURANCE COMPANY OF NEW HAVEN, CONN.

In an action against a foreign corporation, service of summons upon a person whose only connection with the defendant company was a contingent one, that had ceased before the action was commenced, is not service on an agent of the company within the meaning of section 88 of the act concerning corporations.

On rule to show cause.

Argued at June Term, 1894, before Justice MAGIE and GARRISON.

For the plaintiff, *Gilbert & Atkinson.*

For the defendant, *E. A. & W. T. Day.*

The opinion of the court was delivered by

GARRISON, J. Judgment by default in an action on a policy of insurance having been entered, the defendant, a foreign corporation, now seeks to have the judgment vacated

and the service of the summons set aside, upon the ground that Charles Selvage, on whom the service was made by the sheriff, was not an officer, director, agent, clerk or engineer of the corporation, as required by section 88 of the act concerning corporations. *Rev., p.* 193.

The testimony taken under the rule to show cause discloses that Selvage was agent for the Niagara Fire Insurance Company, and as such had undertaken for that company to adjust a loss to the plaintiff's property. While endeavoring to effect this settlement for the Niagara company, Selvage received word from the defendant that whatever settlement was made for the Niagara would be accepted by the defendant, and that he might draw on it for the amount. No such settlement, however, was reached, and on December 21st, 1893, Selvage notified the defendant that the plaintiffs would take nothing but a total loss, and that the Niagara company had been sued. On January 8th, 1894, an action was commenced against the defendant, and the summons was served on Selvage, as its agent.

From this brief statement of uncontroverted facts, it is clear that, on January 8th, Selvage was not the agent of defendant corporation for the purpose of receiving a summons or for any purpose. His only connection with it had been the contingent one that if he reached a settlement for the Niagara company the defendant would, through him, pay to the plaintiff a like sum of money. When the compromise with the Niagara fell through and the defendant company was notified of this result, which was on December 21st, 1893, all semblance of agency between Selvage and the defendant was at an end. He no longer had any relation to its business, nor was he under any duty with respect to its affairs. The case bears no likeness to *Norton* v. *Berlin Bridge Co.*, 22 *Vroom* 442, nor is the reasoning of that and similar cases applicable.

The judgment will be vacated and the service of the summons set aside.