LUKE B. CARTER ET AL., EXECUTORS, &c., APPELLANTS, v. NEWTON A. K. BUGBEE, STATE COMPTROLLER, RESPONDENT.

Argued June 21, 1918—Decided March 3, 1919.

A tax upon the transfer of property that has been made the subject of an irrevocable deed of gift intended to take effect in possession, so far as the beneficiary is concerned, at the death of the settlor, is valid although imposed under authority of a statute not in existence at the time of the execution of the deed of gift, when the right, title and interest of the beneficiary in the subject-matter of the gift does not vest in him or her until the death of the settlor, and the enactment of the statute antedates that event.

On appeal from the Supreme Court, whose opinion is reported in 91 *N. J. L.* 438.

For the appellants, *Church, Harrison & Roche.*

For the respondent, *John W. Wescott,* attorney-general, and *Theodore Rurode.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal is brought for the purpose of testing the validity of a judgment of the Supreme Court affirming a tax assessed by the state comptroller upon the transfer of property described in, and made the subject of, a deed of trust which had been executed by the appellants' testator in his lifetime. The tax was assessed under the presumed authority of the amendment of 1914 (*Pamph. L., p.* 267) to "An act to tax the transfer of property, of resident and non-resident decedents, by devise, bequest, descent, distribution by statute, gift, deed, grant, bargain and sale in certain cases," approved April 20th, 1909.

The appellants' testator, John J. Carter, a resident of the State of Pennsylvania, executed and delivered to trustees on January 14th, 1911, an absolute and irrevocable deed by which he conveyed to them, among other securities, certain stocks of corporations created by and organized under the laws of this state. The trusts declared were to collect the income during the life of the settlor, and pay the same to him; and at his death pay over certain specified portions of the *corpus* to designated persons "if he (or she) shall survive the settlor." Further disposition was made of the subject-matter of the trust in case the persons primarily designated, or any of them, should not survive the settlor. Mr. Carter died in January, 1917.

The statute under which the comptroller assumed to act provides that a tax shall be imposed upon the transfer of any property, real or personal, of the value of $500 or over * * * when the transfer is of shares of stock of corporations of this state, or of national bank associations located in this state, made by a non-resident by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment

at or after such death. The contention on the part of the attorney-general is that the legislative purpose indicated by this statute is the imposition of a transfer tax upon all property which has been made the subject of a deed of gift of the described character, whether the execution and delivery of such deed antedates the enactment of the statute or not, provided the death of the maker of the deed occurs subsequent to the enactment of the statute. On the other hand, counsel for the appellants contend that such a construction of the statute makes it unconstitutional; the pith of the contention being that the transfer occurs upon the execution and delivery of the deed; that the title to the property described therein then becomes vested in the beneficiaries under it, notwithstanding the fact that the right of enjoyment is postponed until the death of the grantor; and that the assessment of a transfer tax upon property the title to which had already passed to the beneficiaries when the statute was enacted would diminish the value of vested estates, would impair the obligation of contracts, and would be, in effect, the taking of private property for public use without compensation.

Both parties concede, and properly, as we think, that the transfer intended to be taxed is that of the settlor to his beneficiaries, and not that to his trustees.

The argument in the Supreme Court was along the same lines as that now made before us, and that tribunal reached the conclusion that the transfer contemplated by the statute was the actual tradition of the property to the beneficiaries, and that as this did not occur until the death of the settlor, it was subject to the tax imposed by the statute then in force; in other words, that it was the legislative purpose to assess the tax when the property came into the actual possession and enjoyment of the beneficiaries, without regard to whether the interests created by the trust deed vested at the time of its execution and delivery or were contingent upon the happening of some future event, subsequent to the enactment of the statute. There is much force in the contention of counsel for the appellants that where the trust deed passes to the beneficiaries a present vested interest in the subject of the trust, a

transfer tax cannot be imposed upon it by virtue of legislation which has subsequently been enacted. It has been so held by the Court of Appeals of New York in the *Matter of Pell,* 171 *N. Y.* 48, and subsequently in the *Matter of Lansing,* 182 *Id.* 238. We do not consider, however, that the determination of the case now before us requires us to pass upon the soundness of the contention, for, under the true construction of the trust deed, it is not involved.

It is to be observed that in the deed of trust the beneficiaries are each of them to take "if he (or she) shall survive the settlor." The effect of these words is to render the gift a contingent one, the contingency being the survival of the beneficiary at the death of the settlor. The rule upon this matter is entirely settled in this state. Where the time specified in the deed of gift is annexed to the payment only—for instance, where, after a gift to the beneficiary, the donor directs the payment to be made when the beneficiary attains the age of twenty-one—the gift vests immediately, the time of payment only being postponed. But where the time is annexed, not to the payment, but to the gift itself—as when it is to the beneficiary "when" he arrives at a certain age, or, "if" he is living at the time of the happening of a future event—the gift does not vest unless and until he attains that age, or unless he survives the happening of the future event. It is made upon condition; and if the condition be not fulfilled—that is, if he does not attain the prescribed age, or live until the happening of the prescribed event, the gift never vests. *Gifford, Administrator,* v. *Thorne,* 9 *N. J. Eq.* 702; *Clayton* v. *Somers,* 27 *Id.* 230. The right of the present beneficiaries depended, not upon the death of the settlor, which, of course, was certain to occur, but on whether they survived him, an event which was not only uncertain at the time of the execution of the deed of trust, but remained in uncertainty until the death of the settlor. Until that event occurred, therefore, there could be no transfer of the title to the estate in remainder, because not until then could the parties entitled to receive the gift be ascertained.

The narrow question, therefore, now to be decided, as it seems to us, is whether a transfer tax can be legitimately imposed by the legislature upon property which has been made the subject of a deed of trust executed and delivered before the enactment of the statute, when such deed does not operate to transfer the title to such property until after the Tax act comes into being. We see no reason to doubt it. Such legislation does not, as counsel for the appellants contends, diminish the value of vested estates; it does not impair the obligation of contracts, nor does it provide for the taking of private property for public use without compensation. That it runs counter to any other constitutional interdict is not even suggested.

The tax imposed was clearly justified by the words of the statute, and the judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.    12.

*For reversal*—None.