This is heard upon the following stipulation:
"Sarah A. Callender, late of the city of Atlantic City, county of Atlantic and State of New Jersey, died on the second day of April, 1925, leaving a last will and testament, which was duly admitted to probate by the surrogate of Atlantic county on July 2d 1925, and letters testamentary were thereon issued to Howard R. Cloud. A true copy of the will is hereunto annexed. *Page 288 
Among other provisions, there appeared in the will of the said Sarah A. Callender, the following clause:
"First. After all my just debts are paid, I give, devise and bequeath unto Harry Callender, two thousand dollars to remain in the hands of executors hereinafter mentioned to be used in providing for the said Harry Callender a proper and suitable education at their discretion."
At the time of the death of Sarah A. Callender, Harry Callender, who is the nephew of the deceased, was approximately of the age of thirty-six years. He was and is married and has one child. He was in the Soldiers' Orphans Industrial School until he was sixteen years of age, and has received no schooling since that time and is at present engaged in the printing trade. The administrator cum testamento annexo of testatrix refused to pay this legacy to complainant either in fee or for purpose of any education which he may now desire other than a formal school education. Complainant, on the other hand, contends that he is entitled to the legacy above mentioned in fee regardless as to whether or not he now attends a school or takes upon himself any attempt at a formal or school education, and he makes no claim that he will attend or attempt to attend any school or presently undertake any formal education; nor does he contemplate using any part of said sum for education of any character."
The language used by the testatrix in making provision for Harry Callender was sufficient to vest an equitable estate in him immediately upon her death, and unless qualified by the remaining part of the clause, is absolutely conclusive of the intention so to do. The form of the gift "shows that a present, and not a future, estate was intended." Ellicott v. Ellicott,90 Md. 321; Skillman v. Van Pelt, 1 N.J. Eq. 511; Bird v. Hawkins,58 N.J. Eq. 229, 243.
"It is stated to be a rule of universal application that a court of equity will never enforce a penalty or a forfeiture. 2Story Eq. Jur. § 1319; Livingston v. Tompkins, 4 Johns. Ch.431. If the devise be upon terms which are capable of being enforced in equity, and the gift be accepted, equity will *Page 289 
compel compliance with the conditions annexed to it. SchoulWills § 599; Pom. Eq. Jur. § 460; Blake v. Bunbury, 1 Ves.Jr. 523; Glen v. Fisher, 6 Johns. Ch. 33; Skillman v. VanPelt, supra; Yawger v. Yawger, 37 N.J. Eq. 216. If this be inequitable or impossible, equity will award compensation in damages for breach of the condition, if that remedy can be made adequate. Yawger v. Yawger, supra; 2 Story Eq. Jur. §§ 1314,1315."
Are these principles changed because the executors refused or failed, either for a valid cause, "or at their discretion" to provide "for the said Harry Callender a proper and suitable education?" I think not.
The solicitor of the defendant, administrator cum testamentoannexo, has not called to my attention any cases. The solicitor of the complainant cites Redmond v. Burroughs, 63 N.C. 642; 40Cyc. 1708, note 14:
"Where testator bequeathed to R., a boy of eleven years, two thousand dollars, `to be put at interest for the purpose of giving him a classical education,' and testator lived some ten years after the making of the will, but R., who at the death of the testator was a married man, never received the education designed for him, it was held that he was entitled to the legacy and that the fact that he was placed at school by testator in his lifetime, and that he left school of his own accord without completing his education, made no difference."
I will advise a construction of the will to the effect that the said Harry Callender is entitled to receive the bequest mentioned in clause 1 of the will. *Page 290