## ROEBLING v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5506.

Circuit Court of Appeals, Third Circuit.

May 20, 1935.

Edward K. Hanlon, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch and Arnold Raum, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Karl G. Roebling, father of the petitioner, Robert C. Roebling, in his will divided his estate into a certain number of shares and then provided as follows:

"III. I give, devise and bequeath one of such shares to my trustees, hereinafter named, in trust nevertheless, to hold the same for the benefit of each child of mine who shall survive me and shall not then have attained the age of twenty-one years and to collect and receive the rents, income, dividends and profits thereof, and, after paying out therefrom all lawful expenses and charges, to pay over to apply the said rents, income, dividends and profits thereof, or so much thereof as shall be deemed advisable in the discretion of my said trustees, for the education, support and maintenance of such child of mine in the manner to which he or she is accustomed until he or she shall attain the age of twenty-one years, and, upon his or her attaining the age of twenty-one years, to pay, transfer, deliver and convey to him or her the principal of such equal share, together with any accumulated income thereon, or, in case such child of mine shall die before attaining the age of twenty-one years leaving descendants then living, to pay, transfer, deliver and convey the principal of such equal share, together with any accumulated income thereon, to such descendants of such deceased child of mine, per stirpes and not per capita.

"IV. In case any child of mine who shall survive me shall die before attaining the age of twenty-one years leaving no descendants then living, the share or shares to which such deceased child of mine would have been entitled if he or she had attained the age of twenty-one years before his or her death, together with any accumulated income thereon, shall be divided * * *"

The testator died on May 29, 1921 and the petitioner reached the age of twenty-one years on September 22, 1925.

In 1925, prior to September 22, the income derived from the petitioner's share of the estate was $59,031.90 of which he received $21,657.70 and the balance, amounting to $37,374.20, was turned over to him when he reached his majority. The trustees reported and paid the tax on this balance of $37,374.20 accumulated during the petitioner's minority in 1925.

After he had received the principal of the trust, the petitioner sold certain of the securities for $69,746.87, prior to the end of the taxable year of 1925. The fair market value of these securities was $53,627.28 at the time of his father's death and $67,-926.67 when the petitioner attained the age of twenty-one years.

The Commissioner of Internal Revenue determined that the gain from the sale of the securities should be computed for income tax purposes on the basis of their fair

market value at the date of the testator's death and that the surplus income of $37,374.20 accumulated in 1925 was taxable to the petitioner and not to the trustees. The Board of Tax Appeals sustained this determination.

The first question is whether or not the basis for computing the gain to the petitioner on the securities sold by him in 1925 was their fair market value when his father died or when he became of age.

Section 204 (a) (5) of the Revenue Act of 1926 (26 USCA § 935 (a) (5) provides that the basis for determining gain or loss on property acquired by bequest or devise shall be the fair market value of the property "at the time of such acquisition."

■ The time of the "acquisition" of the property by the petitioner depends upon whether he received a vested or contingent interest under his father's will which must be construed in accordance with the law of New Jersey where his father was domiciled and the will was probated. Uterhart v. United States, 240 U. S. 598, 36 S. Ct. 417, 60 L. Ed. 819. If under the law of that state, the petitioner acquired a vested interest in the principal of the trust fund at the date of his father's death, the basis for computing the gain is the fair market value of the property at the date of his father's death; but if he acquired a contingent interest the basis is its value when he reached his majority.

■ The intention of the testator will be given effect if it can be determined from the language used in the instrument. Gifford v. Thorn, 9 N. J. Eq. 702; Neilson v. Bishop, 45 N. J. Eq. 473, 17 A. 962; In re Buzby's Estate, 94 N. J. Eq. 151, 118 A. 835. But naturally since the testator can not anticipate every problem that may arise after his death, it often occurs that the language of a testamentary gift is ambiguous, contradictory, or vague and the courts have adopted certain settled rules of construction to determine the meaning of the words used in wills.

■ Preliminarily it should be said that it has been a definite policy of the courts to favor the vesting of future interests by way of testamentary gifts. Kimble v. White, 50 N. J. Eq. 28, 24 A. 400, affirmed Broad St. M. E. Church v. White, 51 N. J. Eq. 638, 30 A. 430; In re Buzby's Estate, 94 N. J. Eq. 151, 118 A. 835.

■ The rule in New Jersey has been settled for many years. It was stated by Chief Justice Green in the leading case of Gifford, Administrator, v. Thorn et al., 9 N. J. Eq. 702, as follows:

"The general rule applicable to this question, adopted both in the ecclesiastical courts and courts of equity, is well settled. Where the time specified in the bequest is annexed to the payment only, as where the legacy is given, payable or to be paid when the legatee attains the age of twenty-one years, the legacy vests immediately upon the death of the testator. It is a present gift. The time of payment only is postponed. But where the time is annexed not to the payment only, but to the gift itself, as when the legacy is given to the legatee at twenty-one, or 'if' or 'when' he attains the age of twenty-one, the legacy does not vest until the legatee attains that age. The gift is upon the condition that the legatee shall attain the age specified. His attaining that age is a condition precedent; and if the condition be not fulfilled, the legacy never vests. The cases upon this subject are very numerous, and with few exceptions the rule will be found to have been for more than a century inflexibly maintained."

This rule has been uniformly followed from that time to the present, the only difficulty in any particular case being the application of the rule to the facts. A gift to A to be paid at the age of sixteen, but if she should not live to that age, to the residuary legatee is vested (Executor of Kearney v. Kearney, 17 N. J. Eq. 59, decree affirmed 17 N. J. Eq. 504); a gift to a class, to be paid by my executor "when they shall arrive at the age of twenty-one" is vested (Davis v. Davis, 39 N. J. Eq. 13); a gift to A on her arrival "to the age of twenty-one years" and if she should die before reaching that age without issue, to B, is vested (Martin v. Gifford, 101 N. J. Eq. 411, 138 A. 103). The late Chief Justice Gummere restated the rule in Carter v. Bugbee, 92 N. J. Law, 390, 393, 106 A. 412, in substantially the same language used by Chief Justice Green in Gifford v. Thorn, supra.

■ The language used in the will of the testator, when construed according to the New Jersey rules, makes the share of the petitioner a vested rather than a contingent interest. The gift was to the trustees absolutely. It vested immediately and the trustees were to begin at once on the death of the testator to collect "the rents, income, dividends and profits" from the

share and "to apply the said rents, income, dividends and profits thereof, or so much thereof as shall be deemed advisable in the discretion of my said trustees, for the education, support and maintenance of such child of mine in the manner in which he or she is accustomed until he or she shall attain the age of twenty-one years" and then "to pay, transfer, deliver and convey to him or her the principal of such equal share, together with any accumulated income thereon." If any child died before attaining the age of twenty-one years, his share with accumulated income thereon was to be given to his descendants, if any he left. The will further provided that no child should have the right or power to anticipate or encumber in any wise the share thus devised to him. The share devised to the petitioner was a present gift. The time of payment only was postponed. Time was annexed to the payment, not to the gift. It was absolute, with remainder over if the petitioner died before he attained his majority.

It follows that the petitioner acquired, within the meaning of the applicable taxing statute, the legacy under his father's will at the date of his death and the determination of the Commissioner and order of redetermination based upon this time of acquisition is affirmed.

The second question is whether or not the Commissioner was in error in determining that the accumulated income earned by the trust in those months of 1925 before the petitioner reached the age of twenty-one years was taxable to the petitioner and not to the trustees as theretofore.

The trustees included the surplus sum of $37,374.20 in their gross income for the trust for 1925 but the Commissioner and the Board directed that it be included in the petitioner's return for that year under section 213 (b) (3), Revenue Act 1926 (26 USCA § 954 (b) (3), which provided that gross income does not include "the value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income). * * *"

The Commissioner says that this was income in 1925 to the petitioner, since his interest in the trust was vested and the sum was delivered to him in the year that it was received by the trust.

But, of course, that is not so. The sum was income to the trust but its character was totally different when it was received by the petitioner. This sum came to him under the terms of the will when he became twenty-one years of age as part of the principal of the trust fund. The sum was taxable to the trustees by the express provisions of section 219 (a) (1) of the Revenue Act of 1926 (26 USCA § 960 note). It was no more income to him than accumulations made in years prior to 1925.

Nor is section 219 (b) (2) (26 USCA § 960 note) apposite. The accumulated income for 1925 was not income of a trust "which is to be distributed currently by the fiduciary to the beneficiaries."

The Commissioner and Board erred in holding that the accumulated income of $37,374.20 was taxable to the petitioner and not to the trustees.

The order of the Board is affirmed as to the first question and reversed as to the second.