COMMISSIONER OF INTERNAL REVENUE v. CLARK.

No. 156.

Circuit Court of Appeals, Second Circuit.

Jan. 26, 1943.

---

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Samuel H. Levy, Sp. Assts. to Atty. Gen., and Archibald Cox, Atty., of Washington, D. C., for petitioner.

Winthrop, Stimson, Putnam & Roberts, of New York City (Percy W. Crane and Russell G. Rogers, both of New York City, of counsel), for respondent.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The taxpayer is the life beneficiary of several trusts under the terms of which the trustees were required to accumulate the income during his minority, to pay him the accumulated income upon his becoming 21 years of age, and thereafter to pay him the income for life, with remainders over. The taxpayer reached majority on November 16, 1938 and received on that date the accumulated income. It included income totaling $63,127.12 which the trustees had collected during 1938 before November 16th. They reported such income as taxable to their respective trusts and paid the taxes thereon. The taxpayer did not include it in his 1938 return. The Commissioner determined that it was income taxable to him and asserted a deficiency. Rejecting the Commissioner's contention, the Tax Court decided that there was no deficiency.

The issue presented lies within narrow compass. It is whether income collected by trustees within a taxable year and required to be accumulated until the beneficiary reached his majority which occurred within such year, is taxable to the trust or to the beneficiary who then received it. The answer depends upon the proper construction and application of sections 161 and 162 of the Revenue Act of 1938, 52 Stat. 517, 26 U.S.C.A. Int.Rev.Code, §§ 161, 162. The pertinent portions of these sections are printed in the margin.[1]

---

1 "§ 161. Imposition of tax

"(a) Application of tax. The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income * * * accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, * * *

"(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

In our opinion the Tax Court correctly construed them to tax to the trusts the income in question.

For many years estates and trusts have been regarded as taxable entities for purposes of the federal income tax.[2] The net income of the estate or trust is taxed to the fiduciary, but in computing net income the fiduciary is allowed certain deductions and the amount thereof is then taxed as income of the beneficiary. Section 161(a) of the 1938 Act classifies the income into four categories. Subdivision (3) relates to the income of estates during the period of administration; the other subdivisions relate to the income of trusts. Subdivision (1) deals with income which is required by the terms of the trust to be accumulated for "future distribution," subdivision (2) with income to be "distributed currently," and subdivision (4) with income which may be either distributed or accumulated in the discretion of the fiduciary. Section 162 deals with the deductions allowable in computing the net income of the estate or trust. No special deduction is provided in the case of accumulated income; hence such income is taxable to the trust. In the case of income to be distributed currently subsection (b) allows a deduction of the amount so distributable and requires it to be included in the beneficiary's income. Subsection (c) makes similar provision in respect to income properly paid or credited to the beneficiary pursuant to discretion lodged in the trustee.

Although section 162(b) relates only to trust income "which is to be distrib-uted currently," the Commissioner contends that it requires a fiduciary to deduct the amount of income accumulated within a taxable year which becomes distributable during such year. We cannot accept that construction. The categories of trust income established by section 161(a) are based upon the fiduciary's duties as prescribed by the terms of the trust. Income accumulated for "future distribution" speaks with reference to the trustee's duty to retain the income after its receipt and without regard to the taxable year. In contrast to accumulated income subdivision (2) speaks of income to be "distributed currently," that is, presently or periodically[3] as distinguished from future. The two categories are mutually exclusive. Section 162(b) deals only with the second category. The fact that accumulated income must in some taxable year be distributed to the beneficiary does not, in our opinion, cause it to change over in that year to the second category of trust income. If payment according to the terms of the trust were sufficient to bring the income within the reach of section 162(b), regardless of the category within which it originally fell, there would have been no need for the enactment of subdivision (c) respecting discretionary distributions. We cannot regard it as without significance that Congress dealt expressly with discretionary distributions and omitted to make provision for taxing to the beneficiary accumulated income when paid to him. It is further significant that section 162(b) was expressly amended by section 111(b) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.

"(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

\* \* \* \* \*

"§ 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \*

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \* but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not.

\* \* \*

"(c) In the case of income \* \* \* which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction \* \* \* the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any \* \* \* beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the \* \* \* beneficiary."

[2] Section 219 of the Revenue Acts of 1924 and 1926, 26 U.S.C.A. Int.Rev.Acts, pages 28, 174; sections 161 and 162 of the Acts of 1928 and later years, 26 U.S.C.A. Int.Rev.Code, §§ 161, 162.

[3] See DeBrabant v. Commissioner, 2 Cir., 90 F.2d 433, 437; Klein, Fed. Income Taxation, p. 1188; Paul & Mertens, Law of Fed. Income Taxation, Vol. 4, § 34.27.

Code, § 162(b), to insert the sentence: "As used in this subsection, 'income which is to be distributed currently' includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary." By section 111(e) the amendment, 26 U.S.C.A. Int.Rev.Code, § 162 note, was declared applicable only to taxable years beginning after December 31, 1941. We are satisfied that before this amendment the phrase under consideration did not have the meaning ascribed to it by the Commissioner. Two circuit courts of appeal have so held. Roebling v. Commissioner, 3 Cir., 78 F.2d 444; Spreckels v. Commissioner, 9 Cir., 101 F.2d 721. The Tax Court has followed those decisions. Towne v. Commissioner, 42 B.T.A. 1046; Shelden v. Commissioner, decided February 20, 1942, reported in Prentice Hall, B. T. A. Par. 42.104, on appeal 134 F.2d 615.

The order is affirmed.