## COWLES v. UNITED STATES.
### No. 45669.

Court of Claims.
June 7, 1943.

William N. Haddad, of Chicago, Ill. (Bell, Boyd & Marshall, of Chicago, Ill., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff sues to recover income taxes paid by him for the year 1934, which taxes, he argues, should not have been paid by him but by a trust of which he was the principal beneficiary. The tax rate would have been lower if the tax had been assessed against the trust, because the income of the trust was smaller than plaintiff's income. Plaintiff is willing to have subtracted from the amount which he paid and here sues for, the amount which, he urges, the trust should have paid.

Plaintiff was the principal beneficiary of the William H. Cowles, Jr., Trust, set up by plaintiff's father in 1922 when plaintiff was a few months less than 20 years old. He was, if he demanded it, to receive the principal and the accumulated income, one-third at the age of 35 and the balance at 40. In case of his death before receiving the principal, he was to have a general testamentary power of appointment of it, in default of the exercise of which it was to go to his lineal descendants or, if none, to the heirs of the father. The original trust instrument provided that, after plaintiff reached the age of 30 years, the trustees should pay plaintiff, if he demanded it, the entire current net income of the trust. Upon his request the trustees were authorized, in their discretion, to turn over any or all of the principal to him at any time.

Plaintiff reached the age of 30 on July 23, 1932. On May 25, 1933, plaintiff and the trustees agreed in writing that plaintiff's right to receive, upon his demand, the entire current income of the trust after he reached 30 should be restricted, until he reached 35, to a right to receive a maximum of $15,000 per year of the income, but the trustees in their discretion might pay him all or any part of the remainder.

The trustees used a fiscal year beginning May 1. From May 1 to December 21, 1934, the trustees received taxable income of $76,307.75. On December 19, 1934, plaintiff requested, pursuant to the original trust agreement, that the trustees turn over to him the principal and accumulated income of the trust. The trustees on December 21, 1934 acceded to this request, turned over all the trust property, including the $76,307.75 of accrued income, and thereby terminated the trust. The trustees reported the receipt of this income, but claimed the right to deduct it and paid no tax on it. Plaintiff included the $76,307.75 in his individual income tax return for 1934, and paid his tax accordingly. He later concluded that the $76,307.75 was properly taxable not to himself but to the trust and filed a claim for refund, which was denied. This suit followed.

We are presented with an unusual situation in this case. The defendant in its brief says: "Plaintiff herein takes the position that the income in question was income which was to be distributed in the discretion of the fiduciary under Section 162(c), that it was accumulated and paid over as a part of the corpus and hence that it is not taxable to the plaintiff under a number of decisions, among which are Roebling v. Commissioner [3 Cir.] 78 F.2d 444; Spreckels v. Commissioner [9 Cir.] 101 F. 2d 721; and Commissioner v. Clark [2 Cir., 134 F.2d 159] decided January 26, 1943 (1943 Prentice-Hall, par. 66,432). The

Roebling case held that where income was to be distributed in the discretion of the fiduciaries, it was taxable to them rather than to the beneficiary even though it was actually distributed along with corpus during the taxable year due to the termination of the trust. The other decisions cited are to the same effect. In view of these decisions we do not contend that where income, which under the terms of the trust instrument is to be distributed in the discretion of the fiduciaries, is accumulated and paid to the beneficiary as a part of the corpus, it is taxable to the beneficiary." We are, however, of the opinion, that this case is not controlled by the decisions cited. In each of the cases cited the income was required by the trust instrument to be distributed on a date certain. In none of them was the income distributed under a discretionary power lodged in the trustee by the trust instrument. The income in the case at bar was distributed under a discretionary power and comes squarely within the terms of section 162(c) of the Revenue Act of 1934, 48 Stat. 680, 728, 26 U.S.C.A.Int.Rev.Code, § 162(c). This subsection provides: "(c) In the case of income * * * which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the * * * trust the amount of the income of the * * * trust for its taxable year, which is properly paid or credited during such year to any * * * beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the * * * beneficiary."

If the income with which we are concerned in this case is income "which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated," the Act expressly provides that it is to be deducted from the gross income of the trust and is to be included in the income of the beneficiary. We do not think there can be any question but that this income was income which might or might not be distributed in the discretion of the trustees. Section 2 of the trust instrument provides:

"So long as said William H. Cowles, Jr., shall be under the age of thirty (30) years, the Trustees *may in their discretion* pay to him all or such part *as to them shall seem best* of the net income of the Trust Estate, * * * Any part of such income not used or applied as aforesaid shall be accumulated and added at the end of each year to the principal of the Trust Estate. * * *" (Italics ours.)

After the beneficiary became thirty years old he entered into an agreement with the trustees providing for the payment to him upon his demand of the net income of the trust up to $15,000 a year. After this agreement he was entitled to demand no more, but the trustees were still authorized in their discretion to "pay to him all or such part as to them shall seem best" of the remainder of the income of the trust estate. The trust instrument further provided that: "* * * The Trustees, however, anything hereinabove to the contrary notwithstanding, are authorized *in their absolute discretion* to pay, transfer, and deliver from time to time to said William H. Cowles, Jr., such part of the *principal* of said Trust Estate as he may request in advance of the times hereinabove specified for the payment of principal to him, in order to enable him to start in business or for any other purpose which the said Trustee shall deem worthy." (Italics ours.)

Within the taxable year and prior to the time that plaintiff had arrived at the age of thirty-five years, at which time the trust instrument provided for a distribution of one-third of the principal, plaintiff requested the trustees to deliver to him the entire principal of the trust estate. In compliance therewith and in the exercise of the discretionary powers lodged in them by the trust instrument, they distributed to him the entire principal and all the accumulated income and the income accrued within the taxable year. The distribution was one which the trustees had a right to make or had a right to withhold. Therefore, the conclusion is inescapable that the income in question was income "which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated," and, therefore, comes expressly within the provisions of section 162(c) providing for the deduction from the gross income of the trust of the amount of such income and for the inclusion thereof in the income of the beneficiary.

Section 161 of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Code, § 161, provides:

"(a) Application of tax. The taxes imposed by this title upon individuals shall

apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* "

"(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated."

There can be no doubt, therefore, that these trustees were required to include in their income tax return the specific income with which we are concerned in this case. But section 162 provides:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \*

"(c) \* \* \* and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

These sections, therefore, plainly provide for the inclusion within the *gross* income of the trust of the specific income with which we are dealing, and they provide also for the deduction of this specific income in the computation of the *net* income of the estate; and, providing for the deduction of this income from the gross income of the trust, they provide, on the other hand, for its inclusion in the income of the beneficiary.

■ No exception whatsoever is made of such income distributed at the time of the termination of the trust, and we can see no reason for making such an exception. What was distributed was income of the trust; it was not corpus. Had the trustees at this time distributed nothing but the income accrued within the taxable year, it certainly would have been taxable to the beneficiary. For what reason should it not be taxable to him because at the same time not only income but also principal was distributed? Suppose only one-half of the principal had been paid the beneficiary and all of the income accrued within the year, and the trustees had retained the other half of the principal, would not the income be taxable to the beneficiary? What difference does it make that all of the principal was distributed and the trust terminated?

We said that the cases cited by the defendant in its brief are not authority on the question we have before us. In the Roebling case the trustees were required to deliver to the beneficiary, upon his arrival at the age of 21 years, the principal and accumulated income of his share of the trust. The provisions of 162(c) were not involved. The Government insisted that the income distributed to him upon his arrival at the age of 21 years was income "which is to be distributed currently by the fiduciary to the beneficiaries." Such income was also deductible under subdivision (b) (2) of section 219 of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev.Code, § 162(b), which was reenacted as section 162(b) of the Revenue Act of 1934. The court held that this income was not income "which is to be distributed currently by the fiduciary to the beneficiaries," but that, on the contrary, it was a distribution of the principal of the trust fund at the time required by the trust instrument.

The same question was involved in Spreckels v. Commissioner, supra, 101 F.2d 722], that is, whether or not income distributed on the arrival of a date fixed by the trust for the payment to the beneficiary of the principal and income was "income which is to be distributed currently by the fiduciary to the beneficiaries." The court held that it was not.

Judge Healy dissented. He thought it was income which was to be distributed currently.

The first case cited was a decision by the 3rd Circuit, and the second was a decision by the 9th Circuit. The same question was presented to the 2nd Circuit in Commissioner v. Clark, 134 F.2d 159, and that court held that such income was not income which was to be distributed currently. No one of these cases had presented to it the question presented to us, whether or not income payable to a beneficiary within the discretion of the trustees at the time of the termination of the trust was deductible from the gross income of the trust and includable in the income of the beneficiary.

Neither the 9th Circuit nor the 2nd Circuit concerned itself with whether or

not income distributed at the termination of the trust was a distribution of income or a distribution of principal, but the only question discussed by either of them was whether or not such income came within the definition of income which is to be distributed currently. The 3rd Circuit in the Roebling case held that it was not income to be distributed currently, but further said that it was not income at all, but that it was distribution of principal.

We are unable to follow this holding. It was a distribution of all the property of the trust, but it was a distribution not only of the original trust property but also of the accumulations thereon. It was the distribution of income accrued within the taxable year and income accumulated in prior taxable years. Manifestly, though, the beneficiary was taxable, if at all, only on the income accrued within the taxable year because the Act clearly provided for the taxation to the trustee of income accumulated within prior taxable years, and not distributed to the beneficiary. The beneficiary was taxable only on the income accrued in the taxable year which was to be distributed to him currently. The distribution of income accrued within the taxable year was a distribution of income, and not a distribution of corpus.

Certainly Congress intended that some one should pay taxes on this income. It was not intended that it escape taxation altogether, and the Act clearly provides for a deduction from the gross income of the trust of income to be distributed currently and also of income distributed pursuant to a discretionary power in the trustee. If the trustee is not taxable on such income and it is not to be included in the beneficiary's income, then it escapes taxation altogether. Such, we are sure, was not the intention of Congress. See Helvering v. Butterworth, 290 U.S. 365, 369, 54 S.Ct. 221, 222, 78 L.Ed. 365. Yet this is the result achieved if the holding of the Roebling case is correct, to wit, that the distribution to the beneficiary is not a distribution of income but of principal.

In the case just cited the Supreme Court said: " * * * The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. But he was entitled to credit for any sum paid to a beneficiary within the intendment of that word, and this amount then became taxable to the beneficiary. Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted."

But whether the Roebling case was properly decided or not, we have no doubt that the Revenue Act of 1934 required the trustee in the first instance to include within its gross income that income with which we are here concerned, and expressly provided for its deduction by the trustee in computing its net income and for its inclusion within the income of the beneficiary. The Act expressly says that income distributable within the discretion of the trustee and actually distributed shall be deducted by the trustee, and it expressly says that such income shall be included in the income of the beneficiary. The income in question comes precisely within the language of the Act.

Congress has said that this income is to be included in the income of this plaintiff, and we are of the opinion that it is our plain duty to render a judgment in accordance with our interpretation of the Act of Congress, whether or not the parties agree on some other interpretation. The Department of Justice has no power to confess judgment in this court.

We are of the opinion that the plaintiff is not entitled to recover. His petition, therefore, is dismissed. It is so ordered.

WHALEY, Chief Justice, and LITTLE-TON, Judge, concur.

MADDEN, Judge (dissenting).

The Government in its brief, after referring to the case of Roebling v. Commissioner, 3 Cir., 78 F.2d 444, and other decisions says "In view of these decisions we do not contend that where income, which under the terms of the trust instrument is to be distributed in the discretion of the fiduciaries, is accumulated and paid to the beneficiary as a part of the corpus, it is taxable to the beneficiary."

According to the stipulation of the parties, this income was accumulated and paid to the beneficiary as a part of the corpus. If force were given to the stipulation and concession, the only way in which the Government would, ordinarily, hope to win this case would be by persuading the court that this income was not "to be distribut-

able in the discretion of the fiduciary" within Section 162(c) of the Revenue Act, and was not, therefore, governed by the concession made in the brief.

The Government, in its brief, then proceeds to urge that the income here in question, when it came to the trust, was income "to be distributed currently," within the meaning of Section 162(b) of the Act, and was therefore taxable to the beneficiary, whatever its ultimate disposition. It bases this argument upon the original trust agreement, disregarding the 1933 modification of it, apparently as being beyond the powers of the trustees to consent to.

No member of the court, as I understand it, is persuaded by the Government's argument. But the majority of the court, disregarding the Government's concession that income to be distributed in the discretion of the trustees is not taxable to the beneficiary if it is distributed as corpus, hold that income which was to be distributed in the discretion of the trustees, and which, according to the parties' stipulation, was accumulated and distributed as corpus, was nevertheless taxable to the beneficiary under Section 162(c).

It is unusual, of course, to decide a case in favor of a party on a legal ground which that party has conceded, at least for the purposes of the instant suit, to have no validity. It means that the court has had no assistance from the briefs or oral arguments of either party. It means that possible untoward effects upon the law or its administration of the victory resting upon an unwanted ground, are not pointed out. It means that the decisions of other courts, in point or closely relevant, have not been defended as they perhaps could have been, since neither party has thought or urged that they were wrong. I would, in general, and in this case, take the deliberate concession of a sui juris litigant at face value, and decide the case acccordingly, unless I was persuaded that somehow I was being imposed upon. And I would regard Government counsel's client as sui juris. Of course, the effect as a precedent of a decision made on the basis of a concession would not be great. In the instant case, since I agree with my brethren that the grounds on which the Government asks us to decide the case in its favor are unsound, I would decide for its adversary and permit him to recover.

JONES, Judge, took no part in the decision of this case.