The complainant in its capacity as trustee presents for construction the last will and testament of one Adam Young and in particular seeks a declaration of its duties under article "Third" of the will.
The noteworthy article of the will dated June 8th, 1928, reads: *Page 91 
"Third: I give and bequeath the sum of Four thousand ($4,000) Dollars to the First National Bank of Trenton, or its successor, in trust, however, for it to invest and to keep invested for the benefit of my grandson Robert Hand, now living at 332 Pennington Avenue, Trenton, New Jersey. The income shall be allowed to accumulate until my said grandson shall have completed his training in the public schools, from which time my said Trustee shall use the income arising from this trust and whatever portion of the principal may be necessary for giving my said grandson a collegiate training. Upon the conclusion of his said collegiate training, provided that by that time he has attained the age of twenty-one years, the income from this trust shall be paid to my said grandson, and the balance of both principal and income may be withdrawn by him upon written request to said Trustee on or after attaining the age of twenty-five years. In the event that his mother should die before my said grandson attains the age of twenty-one years, the interest arising from this trust shall also be used toward defraying the expenses of his care and maintenance."
The grandson, Robert Hand, has not pursued or received any collegiate training. He has been engaged in the military service of his country. Having attained the age of twenty-five years on August 3d 1944, he requests the complainant in writing to pay to him the income and corpus of the trust established by the foregoing article of the will. Apprehending that there may be some doubt concerning its duty in the existing circumstances, the complainant prays instructions. Incidentally, it is observed that none of the residuary legatees and next of kin resists Robert's claim.
The intention of the testator seems to me to be intelligible. He established the trust for the "benefit" of his grandson. He sought to make it possible for his grandson to acquire "collegiate training." Equally manifest is the intention of the testator that his grandson at the age of twenty-five years should have "the balance of both principal and income." Obviously the bequest was not made for the sole purpose of enabling the grandson to attend college. If such had been the intention, the testator undoubtedly would have directed some limitation over of the legacy upon the failure to accomplish that specific purpose. No such qualification or contingent disposition of the legacy is discoverable in the will.
Moreover, in the effort to ascertain the probable intention of the testator, I have not ignored the information that the *Page 92 
grandson was only nine years of age at the time the testator made his will, and he was thirteen years old at the testator's death.
In the absence of any condition and qualification of the bequest, and recognizing the language employed by the testator and its import, it is evident that the gift was intended to be absolute, embracing apparently an accessory desire that it would be used in part for the education of the legatee. The legacy, however, vested in the grandson upon the death of the testator with a postponement of possession and full enjoyment of the bequest until the legatee attained the age of twenty-five years.Callender v. Cloud, 102 N.J. Eq. 287; 140 Atl. Rep. 568;Kimble v. White, 50 N.J. Eq. 28; 24 Atl. Rep. 400; affirmed,sub nom. Trustees of Broad Street Church v. White, 51 N.J. Eq. 638; 30 Atl. Rep. 430; Redmond v. Burroughs, 63 N.C. 242;Ellicott v. Ellicott, 45 Atl. Rep. (Md.) 183.
The grandson, Robert Hand, is now entitled to receive the bequest. The complainant is so advised. *Page 93